

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-31-2005

# Puspitasari v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1947

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Puspitasari v. Atty Gen USA" (2005). *2005 Decisions.* Paper 315.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/315

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1947

ANI PUSPITASARI;
RICKY HUN KHO,
Petitioners

v.

*ALBERTO R. GONZALES,
Attorney General of the United States,
Respondent

(*Substituted pursuant to Rule 43(c), Fed. R. App. P.)

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA Nos. A79-327-681 and A79-327-682)

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 17, 2005

Before: SCIRICA, *Chief Judge*, VAN ANTWERPEN and COWEN, *Circuit Judges*

(Filed October 31, 2005)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Petitioners, Ani Puspitasari and Ricky Hun Kho, both citizens of Indonesia who are ethnic Chinese and hold Christian beliefs, seek review of a final order of removal issued by the Board of Immigration Appeals on March 9, 2004. The order reversed the decision of the Immigration Judge, which granted asylum and withholding of removal to both petitioners. We have jurisdiction to review the BIA's order pursuant to 8 U.S.C. § 1252.

## I.

The BIA determined both petitioners were statutorily barred from consideration for asylum because they did not file their applications within the specified one-year period and failed to demonstrate extraordinary circumstances justifying the delay. To be eligible for asylum, an applicant must file his or her application within one year of arrival in the United States. 8 U.S.C. § 1158(a)(2)(B) (2000). However, the BIA may consider an untimely application if the applicant demonstrates extraordinary circumstances related to the delay. § 1158(a)(2)(D).

Ms. Puspitasari filed her asylum application approximately one and a half years after the filing deadline had expired, and Mr. Kho filed his application approximately six months after the expiration of the deadline. The IJ found several factors relevant to its conclusion that petitioners were justified in the delay, including the effects of past persecution, their lack of knowledge about the asylum process, and their fear that

2

application for asylum could endanger Ms. Puspitasari's family still living in Indonesia. The BIA reversed the IJ's decision, finding significant the lack of medical evidence to demonstrate that the physical or mental effects of past persecution prevented petitioners from timely filing an application. The BIA also noted the statutory time period is not tolled "because an alien was unaware of the asylum process."

We lack jurisdiction to review whether a showing of extraordinary circumstances has been made to justify waiving the one-year limitation imposed on asylum applications. *Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003) (citing 8 U.S.C. § 1158(a)(3)). Accordingly, we lack jurisdiction to review petitioners' asylum claim.

## II.

Petitioners also appeal the BIA's reversal of the IJ's decision to grant withholding of removal. An applicant is entitled to withholding of removal when "the alien's life or freedom would be threatened in [his or her] country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). If the applicant is determined to have suffered past persecution on the basis of one of these factors, a presumption arises that his or her life or freedom would be threatened upon returning to the country of removal. 8 C.F.R. § 1208.16(b)(1)(i) (2005). This presumption may be rebutted if the Department of Homeland Security[1] demonstrates

---

[1] The Department of Homeland Security ("DHS") was formerly the Immigration and Naturalization Service ("INS").

by a preponderance of the evidence a fundamental change in circumstances within the country, such that the applicant's life or freedom would no longer be threatened upon removal. § 1208.16(b)(1)(i)(A).

We review the BIA's findings of fact, including a determination of changed country conditions, under the substantial evidence standard. *Abdille v. Ashcroft*, 242 F.3d 477, 483 (3d Cir. 2001). Under this deferential standard, we must uphold the BIA's findings "unless the evidence not only supports a contrary conclusion, but compels it." *Id.* at 483-84.

Here, the BIA concluded there was significant evidence that conditions in Indonesia have changed since petitioners' departures, such that they no longer have a well-founded fear of persecution upon return. Based on the 2000 State Department Country Report for Indonesia, the BIA found the Indonesian government has made a general commitment to promoting ethnic and religious tolerance. Acknowledging evidence that some discrimination against ethnic Chinese continues to exist in Indonesia, the BIA emphasized that racially motivated attacks against Sino-Indonesians "dropped sharply subsequent to mid-1998."

Petitioners contend State Department country reports, standing alone, are not reliable enough to demonstrate changed country conditions by a preponderance of the evidence. However, "we have held that State Department reports may constitute 'substantial evidence' for the purposes of reviewing immigration decisions."

4

*Ambartsoumian v. Ashcroft*, 388 F.3d 85, 89 (3d Cir. 2004) (citing *Kayembe v. Ashcroft*, 334 F.3d 231, 235 (3d Cir. 2003)). *See also Zubeda v. Ashcroft*, 333 F.3d 463, 477-78 (3d Cir. 2003) (stating country reports are "the most appropriate and perhaps the best resource" for "information on political situations in foreign nations").

Reliance on country reports is especially appropriate where, as here, the report addresses the specific basis for the applicant's fear of future persecution. *See Berishaj v. Ashcroft*, 378 F.3d 314, 327 (3d Cir. 2004) (finding the INS has an obligation to rebut "a particular applicant's specific grounds for his well-founded fear of future persecution"). Here, the BIA agreed with the IJ's determination that petitioners suffered past persecution based on their Chinese ethnicity and Christian beliefs. This past persecution gave rise to a presumption that petitioners had a well-founded fear of future persecution on those same grounds. The 2000 country report on which the BIA relied explicitly addresses ethnic and religiously motivated persecution and finds attacks against ethnic Chinese have sharply declined since mid-1998, the primary time period during which petitioners were persecuted. Accordingly, there is substantial evidence to support the BIA's conclusions and we will affirm on the denial of withholding of removal.

III.

Finally, petitioners contend we should grant relief based on their Convention Against Torture ("CAT") claim, or in the alternative, remand this claim for adjudication.

5

At the initial proceeding before the IJ, petitioners brought claims for political asylum, withholding of removal, relief under the CAT, and voluntary departure. The IJ granted asylum and withholding of removal, but expressly declined to address petitioners' CAT claim or voluntary departure applications because greater relief had been granted. Petitioners appeared before the BIA in defense of the government's appeal. Upon reversing the IJ's grant of asylum and withholding of removal, the BIA granted petitioners' applications for voluntary departure, but failed to address the CAT claim on the merits or remand it to the IJ for adjudication.

The government argues remand of the CAT claim is foreclosed by petitioners' failure to exhaust their administrative remedies with respect to this claim. Specifically, the government asserts petitioners did not: 1) object to the IJ's failure to adjudicate the CAT claim at trial, 2) appeal the IJ's decision not to adjudicate the CAT claim to the BIA, or 3) move the BIA for remand of the CAT claim after it reversed the IJ's decision.

Significantly, petitioners received the relief they sought when the IJ granted them asylum and withholding of removal. In light of this favorable ruling, it would be nonsensical to require petitioners to appeal the IJ's failure to address an alternative ground of relief on the mere possibility the BIA might reverse the relief already granted.

Furthermore, pursuant to 8 U.S.C. § 1252(d)(1), petitioners were required to exhaust only claims and remedies that were "available to [them] as of right." In light of the unique procedural posture of this case, petitioners have met this requirement.

6

Petitioners exhausted their CAT claim by raising it before the IJ in the first instance. The CAT claim was not available to petitioners before the BIA because the BIA's appellate jurisdiction is limited to review of actual decisions handed down by the IJ. *See* 8 C.F.R. § 1003.1(b) and (d). Here, the IJ did not make a determination on the CAT claim, but stated it would not be adjudicated "at this point." Therefore, the BIA, upon overruling the IJ's grant of asylum and withholding of removal, should have addressed the merits of the claim or remanded it to the IJ.

Accordingly, we conclude petitioners did not fail to exhaust administrative remedies available to them as of right, and we will remand petitioners' CAT claim to the BIA.

IV.

We will grant the petition for review, affirm in part the Board's order, and remand the record to the Board for proceedings consistent with this opinion.